NO. 07-04-0002-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



FEBRUARY 26, 2004



______________________________




BETTY ANN NEWBY, APPELLANT



V.



SHERIA EVANS, INDIVIDUALLY AND AS ADMINISTRATRIX OF


THE ESTATE OF GEORGE RALPH NEWBY, JR., DECEASED,


DAN MOSER AND MOSER INVESTMENTS, APPELLEES



_________________________________



FROM THE 84TH DISTRICT COURT OF HUTCHINSON COUNTY;



NO. 35,150; HONORABLE JACK YOUNG, JUDGE



_______________________________



Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

MEMORANDUM OPINION


 On January 2, 2004, the clerk of this court received a copy of a Notice of Appeal 
filed on behalf of appellant Betty Ann Newby. By letter dated January 6, 2004, the clerk
advised appellant that a filing fee had not been received, see Tex. R. App. P. 5. The clerk's
letter likewise advised that no further action would be taken on the appeal by this Court until
a filing fee had been paid and that failure to pay the filing fee may result in dismissal of the
appeal. See Tex. R. App. P. 42.3. 

 The filing fee was not paid. By letter dated February 12, 2004, the clerk advised
counsel for appellant that the filing fee had still not been paid, and that unless the filing fee
was received on or before February 23, 2004, the appeal would be subject to dismissal. 

 The filing fee has not been paid. Accordingly, this appeal is dismissed. Tex. R. App.
P. 42.3.


 Phil Johnson

 Chief Justice



 


 



 no writ) (unpublished) (applying Anders in an appeal
from a commitment order). 

 Next, counsel discusses two potential areas for error. The first concerns the
confrontation clause of the United States Constitution and whether it was violated when the
trial court permitted a witness to testify via the telephone. The second involves the
effective assistance of counsel when he withheld objection to the decision allowing
testimony to be received over the phone. Each issue was then shown to be baseless. For
instance, trial counsel was given leave to cross-examine and actually questioned the
witness over the telephone. So, appellant's opportunity to test the comments of the witness
was preserved in this instance. Additionally, appellant says nothing about being unable to
broach or investigate any particular subject due to the procedure utilized. And, because
appellant had the opportunity to cross-examine the witness and actually did so, withholding
objection to the procedure did not render trial counsel ineffective. We agree. 

 In addition to reading the Anders brief and appellant's pro se response, we also
reviewed the record, sua sponte, as required by Stafford v. State, 813 S.W.2d 503 (Tex.
Crim. App. 1991). Our review of it disclosed no arguable error warranting reversal.

 Accordingly, the motion to withdraw is granted, and the order committing appellant
to North Texas State Hospital not to exceed 365 days is affirmed. 



 Per Curiam
1. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 ( 1967).